**John G. FULLERTON**

v.

**The MONONGAHELA CONNECTING RAILROAD COMPANY.**

Civ. A. No. 63–366.

United States District Court
W. D. Pennsylvania.

April 6, 1965.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this Federal Employers' Liability Act proceeding the plaintiff's present physical condition which is the alleged result of an accident sustained while working for the Defendant Railroad on April 21, 1963, is of such a nature that the medical witnesses who have treated or examined said employee are in substantial dispute as to what part of the condition which now exists was caused by the accident, and the part of the condition which was caused by two subsequent events that have allegedly aggravated or worsened the injury brought about by the accident.

It is not in dispute that subsequent to the accident the Defendant Railroad secured the services of an investigating agency, The Retail Credit Company, a corporation, to determine the activities, the previous medical attention that the employee had prior to the accident involved in this proceeding, and the effect that his previous condition of health and activities had on the condition resulting from the railroad accident. In addition thereto, the Defendant Railroad conducted a hearing subsequent to the

accident relative to alleged misconduct on the part of the railroad employee in the performance and administration of his duties, and as a result thereof suspended the employee from engaging in employment with the Railroad.

Plaintiff contends that said two subsequent events must be presented at the time of trial in order that the jury can be informed as to plaintiff's inability to recover from the original accident and the cause for the aggravation of the pre-existing injury. Defendant contends that said two events should not be permitted for the reason that such testimony would be prejudicial and that the evidence has no probative value or any relationship to the physical condition which the employee now experiences.

It has been further represented to the Court that the witnesses to be called by the parties will be unable to express with absolute medical certainty the part of the present disability of the plaintiff which was caused by the accident, and the extent of the present disability which has relationship to the two subsequent experiences.

After a thorough review of the record, the briefs and oral argument of counsel it is the considered judgment of the Court that the evidence of the above mentioned events should be admitted. It appears that this is one of the many situations that arise in which the prejudicial effect of evidence presented under the issues presented is disproportionate to the benefit to be attained by its admission. Prudential Insurance Co. of America v. Faulkner, 68 F.2d 676, 94 A.L.R. 1160 (CA 10, 1934); 31A C.J.S. Evidence § 159 notes 22 and 23. It is my view that justice cannot be fully and completely administered without permitting the two subsequent incidents to be offered in evidence in order that the medical witnesses can offer the jury a full and complete account of the plaintiff's present physical condition.

The nature of the medical opinion is sufficient in that medical evidence which states that events which took place might be a consequence of the accident; that it is a most likely cause of the condition which exists, or that events probably aggravated the condition has been held admissible in a Jones Act proceeding. Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 80 S.Ct. 173, 4 L. Ed.2d 142. Since the Jones Act is an amendment of the Federal Employers' Liability Act, I believe the conclusion is required that the same rule would have application where a dispute exists as to the sufficiency of medical opinion.

Now, therefore, this 6th day of April, 1965, it is ordered and directed as follows:

(a) The plaintiff shall be permitted to offer in evidence facts and circumstances to show that the activities of the plaintiff and his physical condition were investigated by the Retail Credit Company, a corporation, and the plaintiff shall be permitted to offer in evidence that an investigation and hearing was held by the Defendant Railroad as to alleged acts of misconduct on the part of the employee in the pursuance of and the administration of his work.

(b) That said evidence shall be permitted solely for the purpose of aiding the medical witnesses in expressing their opinions or views as to the physical condition of the plaintiff and what relationship, if any, the two subsequent events had or did not have on the disability of the plaintiff as it now exists.

(c) That appropriate instructions will be given by the Court at the time of trial as to the sole purpose of said testimony, and such control and limitation shall be exercised by the Court in the permitting of said testimony as in the judgment of the Court will be required and made necessary in order to affectuate the purposes and intentions hereinbefore expressed.

Further it is ordered and directed that the Court Reporter transcribe the hearing held before this member of the court on Monday, April 5, 1965, at the joint

expense of the parties and file the same in the office of the Clerk of Court.

The proceeding is assigned to the Master Civil Jury List to commence June 7, 1965.